UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEARL ELTON JONES,

                        Petitioner,

                                                     CIVIL CASE NO. 99-40364

v.

TERRY PITCHER,                                 HONORABLE PAUL V. GADOLA
                                                            U.S. DISTRICT COURT
                        Respondent.
_____/

## **ORDER OVERRULING PETITIONER'S OBJECTIONS**

      Before the Court are Petitioner's "Motion to Relate Back to Timely Writ of Habeas Corpus," "Motion to Requesting Court to Impose Default," and "Motion for Appointment of Counsel." After these motions were referred to the Honorable Steven D. Pepe, United States Magistrate Judge, Magistrate Judge Pepe issued an order denying Petitioner's motions. Petitioner filed objections to the order.

      Nondispositive orders, such as Magistrate Judge Pepe's order denying Plaintiff's motions, are governed by the terms of 28 U.S.C. § 636(b)(1)(A). This section states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion

of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

"According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)).

In this case, Petitioner was originally convicted of armed robbery at trial. In 1999, Petitioner filed a habeas corpus petition arguing, among other things, that there was a failure to prove the statutory elements of armed robbery. In 2002, while Petitioner's habeas petition was pending before the Sixth Circuit Court of Appeals, the Supreme Court of Michigan decided *People v. Randolph*, 648 N.W.2d 164 (Mich. 2002), which overruled the "transactional approach" for unarmed robbery. The reasoning in *Randolph* was later applied to armed robbery. *People v. Scruggs*, 662 N.W.2d 849 (Mich. Ct. App. 2003). Petitioner argues that if the "transactional approach" is no longer valid, there was no evidence at trial that he was guilty of armed robbery. Petitioner argues, therefore, that he should be permitted to file an amended pleading relating back to his original habeas petition.

In his order, the Magistrate Judge incorrectly observed that the *Randolph* case did not apply to Petitioner's case because Petitioner was convicted of armed robbery while *Randolph* dealt with unarmed robbery. As noted above, the reasoning of *Randolph* also applies to armed robbery. *See People v. Scruggs*, 662 N.W.2d 849 (Mich. Ct. App. 2003). The Magistrate Judge was correct, however, in noting that unlike the facts in *Randolph* where the force occurred *after* the larceny, in

2

Petitioner's case the facts indicate that Petitioner used force *at the time of* the larceny. As the Sixth Circuit stated in an August 21, 2002 order: "The victim's testimony that he thought he saw the handle of a pistol, combined with the act of Jones placing his hand in the pocket and his reply to the victim's question of whether this was a robbery were sufficient to establish the elements of armed robbery." *See* docket entry #43. Since the elements of armed robbery were established at the time of the larceny and not after the larceny, the *Randolph* case provides no relief for Petitioner.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's objections to the Magistrate Judge's order [docket entry #59] are **OVERRULED**.

**SO ORDERED.**

Dated:   July 31, 2007                                    s/Paul V. Gadola
                                                          HONORABLE PAUL V. GADOLA
                                                          UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   July 31, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                               B. Eric Restuccia                                  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   Olga Agnello-Raspa; Mearl Jones           .


                                          s/Ruth A. Brissaud
                                          Ruth A. Brissaud, Case Manager
                                          (810) 341-7845